# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| SNIDER TIRE, INC.<br>d/b/a SNIDER FLEET SOLUTIONS,<br><br>      Plaintiff,<br><br>v.<br><br>JONATHAN NELSON,<br>JIM WHITHEAD TIRE SERVICE, INC.,<br>SCOTT CHAPMAN, JAMES L.<br>WHITEHEAD, JR.<br><br>      Defendants. | )<br>)<br>)<br>)<br>) CASE NO. 7:23-cv-02407-TMC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT ON MOTION TO COMPEL AGAINST PLAINTIFF**

Pursuant to the Court's Order dated February 16, 2024 [Doc. 61], Defendants Jim Whitehead Tire Service, Inc., Scott Chapman, and James L. Whitehead, Jr., by and through their undersigned attorney, and with the consent of all parties, hereby submits to the Court a joint status report regarding its efforts to reach a compromise concerning discovery disputes:

1. On March 1, 2024, counsel for JWT sent to counsel for Snider a letter requesting additional information on four topics that were also addressed in JWT's motion to compel, including: (1) information on Snider's profits; (2) Snider's itemization of damages and loss of value of trade secrets; (3) Snider's communications with Nelson; and (4) information on Snider's customers and Nelson's customers while at Snider.

2. On March 1, 2024, Snider provided additional documents to JWT.

3. Snider did not otherwise respond to JWT's March 1st letter, and so on March 7th, counsel for JWT sent another follow up email asking for production on the four topics.

4. On March 8, 2024, Snider responded by email indicating that it would produce

additional documents as follows:

<u>Information on profits</u>: "We will produce profit and revenue for any client we identify as having lost."

<u>Information on Snider's customers and Nelson's customers</u>: "We will also produce any relevant communications or information related to issues raised by those clients or communications related to any notification of when/why they stopped doing business with Snider."

<u>Itemization of damages and loss of value of trade secrets</u>: "We will produce an itemization of damages and loss of value of trade secrets, but we cannot provide that currently as we are still receiving communications from Defendants that we were not previously aware of where confidential and trade secret information was shared. We cannot evaluate the extent of the damages without a full understanding of what was shared. The production provided this week included additional evidence of information being shared that we were not previously aware of as they were not located during the forensic review of Nelson's Gmail account."

<u>Communications with Nelson</u>: "In our most recent production, we produced additional communications with Nelson's counsel. If there are any additional communications, we will produce them."

5.     Snider has agreed to provide the above information to JWT on or before March 15, 2024.  JWT has asserted that Snider cannot withhold its damage calculations, and it must disclose those calculations based upon the evidence in existence.  Snider has thus confirmed that it will provide that information on or before March 15, 2024.

6.     While the parties have made substantial progress on these issues, disputes still remain. The remaining disputes pertain to Snider's failure to provide the following information: Snider's profit/revenue information, Snider's itemization of damages, including its claim of loss of value of trade secrets, and communications with or about Nelson in the 3 months prior to his departure from Snider.

7.     JWT is willing to continue to push for this discovery outside of a motion to compel and continue to work with Snider.

8.     The parties further have consented to extending the pending obligations and

deadlines imposed by the Court, such as Defendants' deadline to identify its expert witnesses and the close of discovery, due to ongoing disputes. The parties plan to submit an amended consent order to the Court.

| | |
|---|---|
| I CONSENT: | RESPECTFULLY SUBMITTED: |
| */s/ Nicholas S. Hulse* | */s/ Christopher A. Cosper* |
| Nicholas S. Hulse (Fed. ID No. 12872) | Christopher A. Cosper |
| Lee M. Thomas (Fed. ID No. 12799) | South Carolina Bar No. 75262 |
| J. Michael Honeycutt (*pro hac vice*) | SC Federal ID No. 10558 |
| FISHER & PHILLIPS LLP | Hull Barrett, P.C. |
| 227 West Trade Street, Suite 2020 | Post Office Box 1564 |
| Charlotte, North Carolina 28202 | Augusta, Georgia 30901-1564 |
| Phone: (704) 334-4565 | Telephone: 706-722-4481 |
| Fax: (704) 334-9774 | Fax: 706-722-9779 |
| Email: nhulse@fisherphillips.com | Email: ccosper@hullbarrett.com |
| Email: lthomas@fisherphillips.com | *ATTORNEY FOR JWT, CHAPMAN AND* |
| Email: jhoneycutt@fisherphillips.com | *WHITEHEAD, JR.* |
| | |
| *ATTORNEYS FOR PLAINTIFF* | |

I CONSENT:

*/s/ John G. Reckenbeil*
John G. Reckenbeil, Fed I.D. No. 7671
LAW OFFICE OF JOHN RECKENBEIL, LLC
Post Office Box 314
Mauldin, South Carolina 29662
Phone: (864) 248-0436
Fax: (864) 326-5940
Email: john@johnreckenbeillaw.com

*ATTORNEY FOR DEFENDANT JONATHAN NELSON*

Dated: March 14 ,2024

{01995845-2}