**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **SNIDER TIRE, INC.** | | |
| **D/B/A SNIDER FLEET SOLUTIONS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 7:23-cv-02407-TMC** |
| | ) | |
| **JONATHAN NELSON,** | ) | |
| **JIM WHITEHEAD TIRE SERVICE, INC.,** | ) | |
| **SCOTT CHAPMAN, JAMES L.** | ) | |
| **WHITEHEAD, JR.** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS JIM WHITEHEAD TIRE SERVICE, INC., SCOTT CHAPMAN, AND JAMES L. WHITEHEAD, JR. SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATION OF PRELIMINARY INJUNCTIVE ORDER, AND OR IN THE ALTERNATIVE, MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Snider Tire, Inc. d/b/a Snider Fleet Solutions, through undersigned counsel, files its Motion for Order to Show Cause why Defendants Jim Whitehead Tire Service, Inc., Scott Chapman, and James L. Whitehead, Jr., (hereafter collectively "Whitehead Defendants") Should Not be Held in Contempt of Court for Violation of Preliminary Injunctive order, and or in the alternative, Motion for Preliminary Injunction. pursuant to Federal Rule of Civil Procedure 65.

These motions are based upon the facts and authorities set forth in the accompanying Memorandum of Law.

Plaintiff moves for an Order to Show Cause requiring the Whitehead Defendants to appear and prove why the sanctions set forth below should not be imposed upon them for violation of the Court's Order (ECF 17) which they were served on July 11, 2023 and Sanctions against the Whitehead Defendants and respectfully requests the Court sanction and Order as follows:

1. Whitehead Defendants be enjoined from possessing, accessing and/or using in any way or for any purpose (including any personal, business, or other purpose), directly or indirectly, any of Plaintiff's Confidential Information within any Whitehead Defendants' possession, custody, or control.

2. Whitehead Defendants within three (3) days of the Court's Order provide to Plaintiff a full and complete written accounting of all computers, flash drives, electronic devices, email accounts of any type, cloud storage accounts, and other devices/accounts that the Whitehead Defendants controlled or had access to from June 1, 2022 to present, and those which were assigned by Jim Whitehead Tire Service, Inc.to employees Jason McDowell, Chris Harley, and Darrin Motes.

3. Whitehead Defendants shall promptly produce to Plaintiff's designated computer forensic expert, or to a neutral qualified computer forensic expert to be chosen by the parties, for forensic preservation, mirror imaging, and forensic review of the computer devices and email accounts including personal email accounts including Internet based accounts, of all Whitehead Defendants and employees of Jim Whitehead Tire Service, Inc. who received Plaintiff's confidential information or documents from Defendant Nelson including, but not limited to: Defendant Chapman, Defendant Whitehead Jr., Darrin Motes, Chris Harley, and Jason McDowell.

4. Should the Whitehead Defendants opt for a neutral computer forensic examiner, the parties shall within five (5) days of the Court's Order: (i) confer and select a qualified computer forensic expert who will be retained for the purpose of imaging and conducting a forensic review of the Whitehead Defendants' computers, personal computers, smart phones, external storage devices, e-mail accounts including personal email accounts including Internet based accounts, and cloud storage accounts; and (ii) confer and agree to a forensic review protocol that will govern the analysis and review of the computer devices, personal computers, smart phones, external storage devices, e-mail accounts, and cloud storage accounts. The Whitehead Defendants shall bear the expense of the neutral computer forensic examiner.

5. Following the Parties' agreement as to a computer forensic expert and forensic review protocol, the Whitehead Defendants shall fully cooperate in the forensic review process and shall provide all necessary assistance to the computer forensic expert, including but not limited to, passwords, log-in credentials, and two-factor authentications which may be required to conduct the

forensic review of the Whitehead Defendants' accounts and devices.

6. Order the Whitehead Defendants to place in a constructive trust with their legal counsel, all compensation received after the entry of the Court's Order from current or former customers of Plaintiff who are identified in Plaintiff's confidential information misappropriated by Defendant Nelson including without limitation: Piedmont Concrete, ThyssenKrupp, U.S. Lumber, Brick Haulers, Pinnacle Trailer, WestRock (formerly Kapstone), Tucker Materials, Morgan Concrete, Buddy Moore Trucking, Jeff Lynch, and St. Clair and those other customers identified in the documents misappropriated by Defendant Nelson and provided to the Whitehead Defendants.

7. Whitehead Defendants be Ordered and enjoined from soliciting any new or additional competitive business from any current or former customers of Plaintiff that were identified in Plaintiff's confidential documents misappropriated by the Defendants, specifically including all documents provided to the Whitehead Defendants by Defendant Nelson.

8. The Whitehead Defendants be Ordered to pay Plaintiff's attorney fees and costs incurred in bringing its Motion.

9. Whitehead Defendants be enjoined from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying, or altering any original, copy, or duplicate of any and all of Plaintiff's Confidential Information within their possession, custody, or control.

10. Whitehead Defendants shall take all necessary steps to maintain and preserve Plaintiff's Confidential Information and property, as well as all potentially relevant evidence regarding the allegations in the First Amended Complaint.

Plaintiff further requests a Preliminary Injunction be issued as to Defendant Jim Whitehead

Tire Service, Inc., Defendant Jim Whitehead, Jr., and Defendant Chapman as follows:

1. Whitehead Defendants be enjoined from possessing, accessing and/or using in any way or for any purpose (including any personal, business, or other purpose), directly or indirectly, any of Plaintiff's Confidential Information within any of the Whitehead Defendants' possession, custody, or control.

2. Whitehead Defendants to promptly provide to Plaintiff a full and complete written accounting of all computers, flash drives,

electronic devices, email accounts of any type including personal and Internet based email accounts, cloud storage accounts, and other devices/accounts that the Whitehead Defendants controlled or had access to from June 1, 2022 to present, and those which were assigned by Jim Whitehead Tire Service, Inc. to employees Jason McDowell, Chris Harley, and Darrin Motes.

3. Whitehead Defendants shall promptly produce to Plaintiff's designated computer forensic expert, or to a neutral qualified computer forensic expert to be chosen by the parties, for forensic preservation, mirror imaging, and forensic review of the computer and electronic devices, and email accounts, including personal and Internet based accounts, and reposition of electronically stored information of all Whitehead Defendants and Jim Whitehead Tire Service, Inc. employees that received Plaintiff's confidential information or documents from Defendant Nelson including but not limited to Defendant Chapman, Defendant Whitehead Jr., Darrin Motes, Chris Harley, and Jason McDowell.

4. Should the Whitehead Defendants opt for a neutral computer forensic examiner, the parties shall: (i) confer and select a qualified computer forensic expert who will be retained for the purpose of imaging and conducting a forensic review of the Whitehead Defendants' personal computers, smart phones, external storage devices, email accounts including personal and Internet based accounts, and cloud storage accounts; and (ii) confer and agree to a forensic review protocol that will govern the analysis and review of the computer devices, personal computers, smart phones, external storage devices, e-mail accounts, and cloud storage accounts. The Whitehead Defendants shall bear the expense of the neutral computer forensic examiner.

5. Following the Parties' agreement as to a computer forensic expert and forensic review protocol, the Whitehead Defendants shall fully cooperate in the forensic review process and shall provide all necessary assistance to the computer forensic expert, including but not limited to, passwords, log-in credentials, and two-factor authentications which may be required to conduct the forensic review of the Whitehead Defendants' email accounts and devices.

6. Order the Whitehead Defendants to place in a constructive trust with their legal counsel, all compensation received after entry of the Court's Order from current or former customers of Plaintiff who are identified in Plaintiff's confidential information

misappropriated by Defendant Nelson including without limitation: Piedmont Concrete, ThyssenKrupp, U.S. Lumber, Brick Haulers, Pinnacle Trailer, WestRock (formerly Kapstone), Tucker Materials, Morgan Concrete, Buddy Moore Trucking, Jeff Lynch, and St. Clair and those other customers identified in the documents misappropriated by Defendant Nelson and provided to the Whitehead Defendants.

7.  Whitehead Defendants be Ordered and enjoined from soliciting any new or additional competitive business from any current or former customers of Plaintiff that were identified in Plaintiff's confidential documents misappropriated by the Defendants, specifically including all documents provided to the Whitehead Defendants by Defendant Nelson.

8.  Whitehead Defendants be enjoined from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying, or altering any original, copy, or duplicate of any and all of Plaintiff's Confidential Information within their possession, custody, or control.

9.  Whitehead Defendants shall take all necessary steps to maintain and preserve Plaintiff's Confidential Information and property, as well as all potentially relevant evidence regarding the allegations in the First Amended Complaint.

This the 20th day of March 2024.

Respectfully submitted,

/s/ Lee M. Thomas
Nicholas S. Hulse (Fed. ID No. 12872)
Lee M. Thomas (Fed. ID No. 12799)
J. Michael Honeycutt (*pro hac vice*)
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: nhulse@fisherphillips.com
Email: lthomas@fisherphillips.com
Email: jhoneycutt@fisherphillips.com
*ATTORNEYS FOR PLAINTIFF*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **SNIDER TIRE, INC.** | | |
| **D/B/A SNIDER FLEET SOLUTIONS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 7:23-cv-02407-TMC** |
| | ) | |
| **JONATHAN NELSON,** | ) | |
| **JIM WHITEHEAD TIRE SERVICE, INC.,** | ) | |
| **SCOTT CHAPMAN, JAMES L.** | ) | |
| **WHITEHEAD, JR.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March 2024, *Plaintiff's Motion for Order to Show Cause why Defendants Jim Whitehead Tire Service, Inc., Scott Chapman, and James L. Whitehead, Jr. Should Not be Held in Contempt of Court for Violation of Preliminary Injunction Order, and or in the Alternative, Motion for Preliminary Injunction*, was served on Defendants via the Court's CM/ECF System, which will send notice to the following:

John G. Reckenbeil, Esq.
LAW OFFICE OF JOHN G.
RECKENBEIL, LLC
114 Renaissance Circle
Mauldin, SC 29662
*Counsel for Defendant Jonathan Nelson*

Christopher A. Cosper, Esq.
Delia DeBlass, Esq.
HULL BARRETT, P.C.
P.O. Box 1564
Augusta, GA 30901-1564
*Counsel for Defendants Jim Whitehead Tire Service, Inc., Scott Chapman, and James L. Whitehead, Jr.*

/s/ *Lee M. Thomas*
Lee M. Thomas
FISHER & PHILLIPS LLP

*ATTORNEY FOR PLAINTIFF*