# EXHIBIT
# 29



7:23-cv-02407-TMC Date Filed 03/20/24 Entry Number 71-30 Page 2 of 9

fisherphillips.com

**Charlotte**
Suite 2020
227 West Trade Street (28202)
Post Office Box 36775
Charlotte, NC 28236
(704) 334-4565 Tel
(704) 334-9774 Fax

**Writer's Direct Dial:**
704-334-4565

**Writer's E-mail:**
jhoneycutt@fisherphillips.com

July 11, 2023

**VIA FEDERAL EXPRESS & ELECTRONIC MAIL**

Jim Whitehead Tire Service, Inc.
Attn.: Mr. Jim Whitehead Jr., President/Registered Agent
2514 Deans Bridge Road
Augusta, Georgia 30906

Mr. Jim Whitehead Jr.
President
2514 Deans Bridge Road
Augusta, Georgia 30906
E-mail: jimjr@jimwhiteheadtire.com

Mr. Scott Chapman
Commercial Sales Representative 2514 Deans Bridge Road
Augusta, Georgia 30906
E-mail: chapman@jimwhiteheadtire.com

**URGENT – IMMEDIATE ATTENTION REQUIRED**

**Re:** ***Duty to Abide by Preliminary Injunction Order; And Duty to Preserve Documents***

Dear Sir or Madam; Messer's Whitehead and Chapman:

Our firm represents Snider Fleet Solutions, Inc. ("Snider") regarding the misappropriation of Snider's confidential and trade secret information by Jim Whitehead Tire Service Inc. ("Whitehead") and Snider's former employee Jonathan Nelson.

We are writing in part to follow-up on our letter dated May 5, 2023 to Whitehead advising that Jonathan Nelson had misappropriated Snider confidential and trade secret information and asking that Whitehead advise if any Snider information had been transferred to Whitehead. Unfortunately, Whitehead chose not respond to our letter.

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Tampa • Washington, DC

7:23-cv-02407-TMC Date Filed 03/20/24 Entry Number 71-30 Page 3 of 9

We have now confirmed that Mr. Nelson shared Snider highly confidential and trade secret information with Whitehead. Snider has also learned that Nelson improperly communicated with Whitehead management including Jim Whitehead Jr. and Scott Chapman regarding the unlawful solicitation of Snider's customers for the benefit of Whitehead. As a result, Snider has lost a number of customers to Whitehead and suffered related monetary damages.

On June 1, 2023, Snider initiated a lawsuit against Jonathan Nelson in the United States District Court of South Carolina entitled *Snider Fleet Solutions, Inc. v. Jonathan Nelson*, Case No.: 7:23-CV-02407. Shortly thereafter, the Court entered a Preliminary Injunction enjoining from certain activities "Covered Persons" whom were defined by the Court as: "Defendant Jonathan Nelson, his agents, employees, representatives, and attorneys, <u>and any other persons acting in concert or participation with him</u>." (emphasis added) (see Court Order attached hereto.) The Order's definition of Covered Persons includes Whitehead, Jim Whitehead Jr., and Scott Chapman, all of which worked in concert with Mr. Nelson to misappropriate Snider's confidential and trade secret information. Accordingly, Whitehead, its employees, including but not limited to Jim Whitehead Jr. and Scott Chapman, are enjoined by the Court's Order as follows:

1. Covered Persons are enjoined from directly or indirectly accessing, disclosing, or making any use or any disclosure of any property of Plaintiff including any Trade Secrets and/or Confidential Information belonging to Plaintiff in electronic or tangible form.

2. Covered Persons shall refrain from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying, or altering any original, copy, or duplicate of any and all of Plaintiff's Confidential Information within any Covered Person's possession, custody, or control.

3. Covered Persons shall refrain from disclosing, discussing, disseminating, distributing, leaking, publishing, selling, transferring to, or sharing with any person whatsoever directly or indirectly, any of Plaintiff's Confidential Information within any Covered Person's possession, custody, or control.

4. Covered Persons shall refrain from using in any way or for any purpose (including any personal, business, or other purpose), directly or indirectly, any of Plaintiff's Confidential Information within any Covered Person's possession, custody or control.

5. Covered Persons shall take all necessary steps to maintain and preserve Plaintiff's Confidential Information and property, as well as all potentially relevant evidence regarding the allegations in the Complaint.

6. Covered Persons are to return to Plaintiff its property including all Trade Secrets and/or Confidential Information that is in any Covered Person's possession, custody, or control (including but not limited to Trade Secret and Confidential Information in paper form and in electronic form, whatever and however stored, including but not limited to personal computers, cloud storage, external storage

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Tampa • Washington, DC

       media, smart phones and other handheld devices, and email accounts) and to the extent that any such information is maintained in electronic or tangible form.

7. Until further order of the Court, Covered Persons are hereby restrained and enjoined from conducting, carrying on, or engaging in any competitive business that was developed and/or implemented in whole or in part, directly or indirectly, through the use of any of Plaintiff's Trade Secrets and/or Confidential Information.

As set forth above, the Court's Order enjoins the Covered Persons from, among other things, using and/or disclosing any of Plaintiff's confidential business information (Paragraphs 1, 3 and 4); and from engaging in any competitive business that was developed and/or implemented in whole or in part, directly or indirectly, through use of Plaintiff's Trade Secrets and Confidential Information. (Paragraph 7.) Whitehead is thus enjoined from further soliciting or servicing accounts which it obtained by use of Snider's confidential and trade secret information. Accordingly, Whitehead would be in contempt of the Court's Preliminary Injunction Order were it to solicit or service customers with the aid of Snider's information, or if it were to solicit or service customers which it obtained with the aid of Snider information. For example, we have information which has led us to conclude that Whitehead has used Snider's information to acquire accounts of several Snider customers including without limitation: Benore, Old Castle, Tucker Materials, ThyssenKrupp, General Shale, Kapstone (West Rock), and Piedmont. If this is the case –and we believe it is– Whitehead would be in violation of the Court's Order to further solicit or service those accounts.

The Court's Order also requires Whitehead, Jim Whitehead Jr., and Scott Chapman to preserve and not destroy Snider's confidential and trade secret information. (Paragraphs 2 and 5). Further, Whitehead, Jim Whitehead Jr., and Scott Chapman must each make arrangements to return to Snider its confidential information while preserving that information. (Paragraph 6.) Please contact me so we can arrange for the preservation and return of Snider's information.

Please know that should you fail to strictly abide by the Court's Order they would be subject to the contempt powers of the Court.

<u>Duty to Preserve Documents</u>

Please be advised that in addition to the Court's Order requiring you to preserve and return documents, you also have a separate legal duty to preserve documents related to the misappropriation of Snider information, and the allegations in the lawsuit involving Nelson. These documents include without limitation documents pertaining to:

- The download, possession, and use of Snider information;
- Whitehead providing services to current or former customers of Snider;
- The solicitation of Snider customers;
- All communications with Jonathan Nelson, including e-mails and text messages;
- All documents pertaining to Snider or its customers provided to them by Jonathan Nelson;

7:23-cv-02407-TMC Date Filed 03/20/24 Entry Number 71-30 Page 5 of 9

- All documents pertaining to, or evidencing efforts to solicit clients of Snider, including but not limited to: Benore, Old Castle, Tucker Materials, Kapstone, ThyssenKrupp, and Piedmont.

Please be aware that the laws and rules prohibiting destruction of evidence apply to Electronically Stored Information ("ESI") in the same manner that they apply to paper evidence. Due to its format, ESI is easily deleted, modified, or corrupted. Accordingly, you must take every reasonable step to preserve this information until the final resolution of this dispute. This includes, but is not limited to, your obligation to discontinue all data destruction, overwriting, and recycling. With respect to electronic data created after the date of this letter, relevant documents and information should not be destroyed and you must take appropriate steps to avoid the destruction or modification of documents or information that relate to this litigation. Please be advised that your failure to abide by this request to preserve data and information could result in penalties or sanctions, or both.

Whitehead and its employees have violated the state and federal trade secret misappropriation acts, aided and abetted Mr. Nelson in breaching his fiduciary duties owed to Snider, and tortiously interfered with Snider's contract with Mr. Nelson specifically including his noncompete, nonsolicitation, confidentiality, and return of property covenants. As a result, Snider will be entitled to injunctive relief, monetary damages, and recovery of costs and fees incurred in bringing its anticipated Lawsuit.

Please contact me promptly to discuss the preservation and return of Snider's information and any of the issues raised herein.

Sincerely,

*/s/ J. Michael Honeycutt*

J. Michael Honeycutt
Partner
FISHER & PHILLIPS LLP

cc: Nicholas S. Hulse (Admitted in SC)
FISHER & PHILLIPS LLP
227 West Trade Street, Ste. 2020
Charlotte, NC 28202

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Tampa • Washington, DC

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

Snider Tire Inc. *d/b/a Snider Fleet Solutions*,

Plaintiff,

vs.

Jonathan Nelson,

Defendant.

Civil Action No. 7:23-cv-02407-TMC

**CONSENT ORDER FOR PRELIMINARY INJUNCTION**

This 14th day of June 2023, upon consideration of Plaintiff Snider Tire, Inc. d/b/a Snider Fleet Solutions' ("Plaintiff") and Defendant Jonathan Nelson's ("Defendant") stipulated agreement to resolve Plaintiff's motion for preliminary injunctive relief (ECF No. 8), the court hereby **GRANTS** Plaintiff's motion, *id*., pursuant to Federal Rules of Civil Procedure 52 and 65. Accordingly, Defendant Jonathan Nelson, his agents, employees, representatives, and attorneys, and any other persons acting in concert or participation with him (collectively, "Covered Persons") are hereby **ORDERED**, **RESTRAINED**, and **ENJOINED** as follows:

1. Covered Persons are enjoined from directly or indirectly accessing, disclosing, or making any use or any disclosure of any property of Plaintiff including any Trade Secret and/or Confidential Information[1] belonging to Plaintiff in electronic or tangible form.

2. Covered Persons shall refrain from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying, or altering any original, copy, or duplicate of any

[1] For purposes of this order, "Confidential Information" shall include, but is not limited to, all information relating to Plaintiff's: (i) business, clients, and vendors; (ii) client information including but not limited to names, addresses, other personally-identifying information, account numbers, and contractual agreements; (iii) other business information disclosed to Defendant by Plaintiffs either directly or indirectly in writing, electronically, or orally for the purpose of facilitating Defendant's performance of services for or on behalf of Plaintiffs; and (iv) other business or client information to which Defendant obtained access or came to possess without Plaintiffs' consent.

and all of Plaintiff's Confidential Information within any Covered Person's possession, custody, or control.

3. Covered Persons shall refrain from disclosing, discussing, disseminating, distributing, leaking, publishing, selling, transferring to, or sharing with any person whatsoever, directly or indirectly, any of Plaintiff's Confidential Information within any Covered Person's possession, custody, or control.

4. Covered Persons shall refrain from using in any way or for any purpose (including any personal, business, or other purpose), directly or indirectly, any of Plaintiff's Confidential Information within any Covered Person's possession, custody, or control.

5. Covered Persons shall take all necessary steps to maintain and preserve Plaintiff's Confidential Information and property, as well as all potentially relevant evidence regarding the allegations in the Complaint (ECF No. 1).

6. Covered Persons are to return to Plaintiff its property including all Trade Secrets and/or Confidential Information that is in any Covered Person's possession, custody, or control (including but not limited to Trade Secret and Confidential Information in paper form and in electronic form, wherever and however stored, including but not limited to personal computers, cloud storage, external storage media, smart phones and other handheld devices, and email accounts) and to the extent that any such information is maintained in electronic or tangible form.

7. Until further order of the Court, Covered Persons are hereby restrained and enjoined from conducting, carrying on, or engaging in any competitive business that was developed and/or implemented in whole or in part, directly or indirectly, through the use of any of Plaintiff's Trade Secrets and/or Confidential Information.

**IT IS FURTHER ORDERED**:

A. No later than June 16, 2023, Defendant shall provide to Counsel for Plaintiff a full and complete written accounting of all computers, flash drives, electronic devices, email accounts of any type including internet-based e-mail accounts, cloud storage accounts, and other devices/accounts that Defendant controlled or had access to during the final six-months of his employment with Plaintiffs through the date of this Order.

B. Plaintiff acknowledges receipt of Defendant's USB drive, cell phone (with passcode entry), and laptop that were delivered to Plaintiff on June 8, 2023. On or before June 16, 2023, Defendant shall make available to Plaintiff's computer forensic expert for imaging all computers, smart phones, external storage devices, mobile devices, email accounts, and cloud storage accounts (including passwords and log-in credentials necessary to access such accounts or devices) in Defendant's possession or control in order to preserve relevant evidence, including electronically stored information and associated metadata. If the three (3) items listed in this paragraph's first sentence are the only applicable items, Defendant shall declare in writing as such.

C. Defendant shall fully cooperate in the forensic review process and shall provide all necessary assistance to Plaintiff's computer forensic expert, including but not limited to, passwords, log-in credentials, and two-factor authentications which may be required to conduct the forensic review of Defendant's accounts and devices. Plaintiff and its agents shall take all reasonable steps to preserve any of Defendant's private and/or non-relevant information housed in his accounts or upon his devices. Upon completion, Plaintiff shall return to Defendant any devices, including his laptop and cellphone, in proper working order.

This Order will remain in effect until further order of this Court or until this action is fully resolved by trial, motion, settlement, or other means.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 14, 2023
Anderson, South Carolina

**IT IS SO STIPULATED.**

/s/ Nicholas S. Hulse
Nicholas S. Hulse (Fed. Id No. 12872)
**FISHER PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: nhulse@fisherphillips.com
*Attorney for plaintiff*

*s/ John G. Reckenbeil*
John G. Reckenbeil
Law Office of John G. Reckenbeil, LLC
114 Renaissance Circle
Mauldin, South Carolina 29662
Telephone: (864) 248-0436
Fascimile: (864) 326-5940
Email: john@johnreckenbeillaw.com
*Attorney for Defendant*